Per Curiam.

Was the Court of Appeals in error in holding that the petition is subject to demurrer?
Section 2731.05, Revised Code, provides that “the writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law.” This principle was recognized in State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, 162 Ohio St., 302, where it is stated at page 308:
“A careful review of the decisions of this court indicates that the following principles are to be applied in considering whether the Supreme Court in the exercise of its discretion should grant the extraordinary writ of mandamus under its constitutional powers.
“1. The relator must be the party beneficially interested.
“2. Before the writ may issue, it must appear affirmatively that there is no plain and adequate remedy in the ordinary course of the law, including equitable remedies.
“3. The extraordinary writ of mandamus may not be used as a substitute for a mandatory injunction.
“4. It may not be used where the purpose of the relator is primarily the enforcement or protection of purely private rights.”
The relators in the instant action are parties beneficially interested. However, they have an adequate ordinary remedy by way of injunction. State, ex rel. Adams, v. Rockwell et al., Board of Education of Minford Local School District, 167 Ohio St., 15.
Relators contend that the principles announced in the Libbey-Owens-F ord case, supra, are not applicable to the Court of Appeals or to the exercise of discretion by that court in mandamus actions originating therein. In State, ex rel. Wesselman, v. Board of Elections of Hamilton County, 170 Ohio St., 30, paragraph two of the syllabus reads:
“A Court of Appeals that allows a writ of mandamus to *309 a relator does not thereby abuse its discretion merely because such relator also has an adequate remedy in the ordinary course of the law.”
That decision not only recognizes that the Court of Appeals has the same discretionary power with respect to allowance of a writ of mandamus as this court does in such cases but also illustrates the reluctance of this court to interfere with the exercise by that court of its discretionary power. See, also, State, ex rel. Schulman, v. Cuyahoga County Board of Elections, 167 Ohio St., 19.
This court is of the opinion that the Court of Appeals did not abuse its discretion in sustaining the “demurrer” and dismissing the petition, and its judgment is hereby affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Herbert and Peck, JJ., concur.